UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAUREL TINSLEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMERICAN FAMILY CONNECT<br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br><br>                   Defendant. | NO. 2:22-CV-0099-TOR<br><br>ORDER ON DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT (ECF No. 9),<br>PLAINTIFF'S MOTIONS FOR<br>SUMMARY JUDGMENT (ECF Nos.<br>18, 28), AND DEFENDANT'S<br>MOTION TO STRIKE (ECF No. 22) |

BEFORE THE COURT are Defendant's Motion for Summary Judgment (ECF No. 9), Plaintiff's Motions for Summary Judgment (ECF Nos. 18, 28), and Defendant's Motion to Strike (ECF No. 22). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment (ECF No. 9) is **GRANTED**, Plaintiff's Motions for Summary Judgment (ECF Nos. 18, 28) are **DENIED** and Defendant's Motion to Strike (ECF No. 22) is **DENIED**.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 1

# BACKGROUND

This matter arises out of an insurance coverage dispute related to two claims filed by Plaintiff following damage to her home and personal property. *See* ECF No. 5. Defendant issued the insurance policy held by Plaintiff that covers loss and damage to her home and personal property. *Id*. at 1, ¶ 1. Plaintiff filed the first insurance claim (the "Lightning Claim") on March 2, 2020, alleging a lightning strike caused damage to, *inter alia*, her water pressure tanks, which caused leakage in her home. ECF No. 11 at 1, ¶¶ 1–2. Plaintiff initially stated the date of loss occurred in January or February 2020 but later indicated she misunderstood the claim agent; Plaintiff noticed the damage in January or February 2020 but the incident that caused the damage occurred July 2019. ECF No. 31-1. Defendant investigated Plaintiff's damaged pressure tanks and determined the water damage was caused by a pinhole leak and rust, not a lightning strike. ECF No. 11 at 2, ¶ 3. Plaintiff's policy does not cover water damage related to rust and wear and tear. *Id*. Consequently, Defendant denied coverage of the damaged pressure tanks and resulting leakage on March 25, 2020. *Id*. at ¶ 4. In its denial letter, Defendant indicated Plaintiff had one year after the date of loss to file legal action. *Id*. at ¶ 6.

Plaintiff continued to contact Defendant regarding various issues with her home and property, including water leaks within the home, broken hot water elements on her hot tub, damage to a greenhouse on the property, and electrical

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 2

damage to a well tank.  *Id*. at 2–3, ¶¶ 7–14.  Plaintiff claimed all the damage

stemmed from the July 2019 lightning strike.  *Id*.  During these communications,

Plaintiff requested that an insurance adjuster come to the house.  *Id*. at 2–3, ¶¶ 11–

13.  On July 8, 2020, Defendant issued a Reservation of Rights letter and sent an

adjuster to Plaintiff's property.  *Id*. at 3, ¶¶ 15–16.  The adjuster determined the

water damage throughout the house was not cause by the lightning strike and that

Plaintiff failed to support her additional claims of electrical damage.  *Id*. at ¶ 18.

On July 23, 2020, Defendant reaffirmed its denial of the water damage from the

pressure tanks and reiterated that Plaintiff had one year from the date of loss to

commence any legal action.  *Id*.

Plaintiff filed the second insurance claim (the "Storm Claim") sometime in

April 2021, indicating a loss date of April 18, 2021.  ECF No. 11 at 3, ¶ 19.  That

claim related to damage to Plaintiff's dock, retaining wall, and beach area.  *Id*.  It

does not appear the Lightning Claim and Storm Claim are related, nor does it

appear the Storm Claim is currently in dispute, although both parties mention it in

their briefing.  *Id*. at ¶ 20.

Plaintiff commenced this action on April 15, 2022, alleging breach of

contract and breach of fiduciary duty.  ECF No. 1-1.  Presently, Defendant moves

for summary judgment as to the Lightning Claim, arguing the policy's period of

limitations bars Plaintiff's claims for relief.  ECF No. 9.  In response, Plaintiff

moves for summary judgment regarding Defendant's fiduciary duty.  ECF No. 18.

Defendant also seeks to strike Plaintiff's reference to Rule 11 sanctions in her

response to Defendant's motion for summary judgment.  ECF No. 22.  Finally,

Plaintiff moves for summary judgment as to her claim coverage.  ECF No. 28.

## DISCUSSION

### I.  Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who

demonstrates "that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

on a motion for summary judgment, the court must only consider admissible

evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

party moving for summary judgment bears the initial burden of showing the

absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).  The burden then shifts to the non-moving party to identify

specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the

outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos.
18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 4

"genuine" only where the evidence is such that a reasonable jury could find in

favor of the non-moving party. *Id.* The Court views the facts, and all rational

inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

*Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

"against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex*, 477 U.S. at 322.

### A. Period of Limitations; Claim Coverage

Defendant moves for summary judgment on Plaintiff's Lightning Claim,

arguing any challenges to the final determination of the claim are barred by the

policy's period of limitation. ECF No. 9. Plaintiff argues that because Defendant

continued to evaluate her claim after it was denied, Defendant waived the period of

limitations and is therefore equitably estopped from asserting the time limitation.

ECF No. 18. Plaintiff also moves for summary judgment regarding claim

coverage, arguing the July 2019 lightning strike set in motion the events that

caused the water damage from the pressure tanks. ECF No. 28.

Washington law "allows property insurers to limit the period in which

policyholders can sue them under insurance policies as long as the limitation

period is not less than one year from the date of loss." *Mendoza v. Farmers Ins.*

*Co. of Washington*, 130 Wash. App. 1033 (2005) (citation omitted); RCW

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos.
18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 5

1  48.18.200(1)(c).  An insured has an affirmative duty under Washington law to read

2  their policy and be on notice of the terms and conditions of the policy.  *Dombrosky*

3  *v. Farmer Ins. Co. of Wash.,* 84 Wash. App. 245, 257 (1996).

4        Plaintiff's insurance policy states that a lawsuit against Defendant "must be

5  brought within one year after the loss or damages occurs."  ECF No. 11 at 4, ¶ 22.

6  Plaintiff filed the Lightning Claim on March 2, 2020, initially reporting that the

7  damage occurred in January or February 2020 but later corrected the date to July

8  2019.  ECF No. 9 at 4.  As part of her claim, Plaintiff indicated there was water

9  damage from a leak in her water pressure tank.  ECF No. 11 at 1, ¶ 1.  Defendant

10 sent a water pump servicer to inspect Plaintiff's pressure tanks.  *Id*. at 2, ¶ 3.  The

11 inspector discovered a pinhole leak and rust on the tank and concluded the water

12 damage was caused by wear and tear and rust, not lightning.  *Id*. at ¶¶ 5, 9.

13 Plaintiff's policy excludes coverage for damage caused by wear and tear and rust.

14 ECF No. 10-2 at 2.  Defendant sent a letter to Plaintiff on March 25, 2020, denying

15 the water damage claim as excluded under Plaintiff's policy.  ECF No. 11 at ¶¶ 3–

16 4.  The denial letter also advised Plaintiff of the one-year time limitation to bring

17 suit.  *Id*. at ¶ 6.

18        Beginning on May 26, 2020, Plaintiff and Defendant continued to

19 communicate regarding the water damage from the pressure tank.  *Id*. at 2–3, ¶¶ 7–

20 18.  Defendant sent several inspectors to Plaintiff's property, and each concluded

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos.
18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 6

1    the water damage was caused by wear and tear, not lightning.  *Id*. at 2–3, ¶¶ 9, 12,

2    15, 18.  Defendant sent additional letters to Plaintiff, including another denial letter

3    and a Reservation of Rights letter.  *Id*. at 3, ¶¶ 15, 17.  The second denial letter

4    again advised Plaintiff of the one-year time limitation.  *Id*. at ¶ 18.

5         Plaintiff contends Defendant waived the time limitation by continuing to

6    issue damage payments.  ECF No. 18 at 2.  Defendant asserts the payments that

7    continued to be issued after the denial letters related to the lightning damage.  ECF

8    No. 23 at 2–3.  Defendant maintains it never accepted coverage for the water

9    damage and any continued negotiations regarding lightning damage are irrelevant

10   to Plaintiff's claims for water damage.  *Id*. at 3.

11        Plaintiff commenced this action on April 15, 2022.  ECF No. 1-1.

12   Regardless of which date is used to determine the date of loss for the purposes of

13   the period of limitations, *i.e.*, Plaintiff's initial claimed date of January or February

14   2020 or her amended date of July 2019, more than one year had lapsed beyond the

15   time limitation indicated in Plaintiff's policy.

16        Plaintiff's argument that Defendants are equitably estopped from asserting

17   the limitations period is unpersuasive.  The party asserting equitable estoppel must

18   prove by clear, cogent, and convincing evidence (1) that there was an act that was

19   inconsistent with a later claim, (2) that another party reasonably relied on the act,

20   and (3) an injury would occur to the other party if the first party is permitted to

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos.
18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 7

1    repudiate the first act. *Dombrosky,* 84 Wash. App. at 257. Equitable estoppel is

2    unfavored under Washington law. *Robinson v. City of Seattle*, 119 Wash. 2d 34,

3    82 (1992). In the insurance context, Washington courts have imposed equitable

4    estoppel when the insurance company has taken some action that leads the insured

5    to believe the claim was still open for evaluation. *See, e.g., Dickson v. U.S.*

6    *Fidelity & Guaranty Co.*, 77 Wash. 2d 785, 788 (1970).

7         Defendant did not act in a way that was inconsistent with its initial denial of

8    Plaintiff's water damage claims. Defendant consistently informed Plaintiff of the

9    reasons for its denial of the water damage claim and negotiated payments related

10   only to damage resulting from the lightning strike. ECF Nos. 10-1, 10-2, 10-3, 23

11   at 3. Moreover, Plaintiff was on notice of the one-year time limitation from the

12   plain language of her policy and from Defendant's denial and Reservation of

13   Rights letters. ECF Nos. 10-3, 10-4 at 5. Plaintiff has not provided clear, cogent,

14   and convincing evidence to establish Defendant should be equitably estopped from

15   asserting the one-year time limitation.

16        Plaintiff's argument that the July 2019 lightning strike set in motion the

17   events that caused the pressure tank water damage are equally unavailing.

18   Washington's efficient proximate cause doctrine "applies only where two or more

19   independent forces operate to cause the loss." *Kish v. Insurance Co. of North*

20   *America*, 125 Wash. 2d 164, 169 (1994). It mandates coverage "when an initial

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos.
18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 8

1   covered peril sets a causal chain in motion and that causal chain includes later

2   excluded perils.  It does not apply to mandate coverage when an initial *uncovered*

3   peril sets a causal chain in motion that includes covered and/or uncovered losses."

4   *Hill and Stout, PLLC v. Mutual Enumclaw Insurance Company*, 515 P.3d 525

5   (2022) (emphasis in original).  Determination of efficient proximate cause is a

6   question of fact.  *Id.*

7       Plaintiff has not provided sufficient evidence from which the Court could

8   infer the July 2019 lightning strike caused her pressure tank to fail.  Even accepting

9   as true Plaintiff's single expert report, Plaintiff has merely demonstrated there are

10  issues of fact relating to causation.  But this evidence alone is insufficient to

11  overcome Defendant's repeated investigation and denial of the water damage

12  claims.  Moreover, the timeframe in which Plaintiff could challenge Defendant's

13  determination of causation has expired.  Accordingly, the Court finds Defendant is

14  entitled to summary judgment on Plaintiff's claims for relief related to her

15  Lightning Claim, and Plaintiff's motion for summary judgment regarding claim

16  coverage of the water damage is denied as moot.

17          **B. Fiduciary Duty; Motion to Strike**

18      Plaintiff moves for partial summary judgment as to Defendant's fiduciary

19  duty under Washington law.  ECF No. 18 at 4.  Defendant does not address

20  Plaintiff's arguments but instead argues Plaintiff's motion should be struck.  ECF

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 9

Nos. 23 at 8–9; 22 at 4–5.  Specifically, Defendant argues that any references to Rule 11 sanctions are procedurally improper, and that Defendant was left with inadequate time to respond to Plaintiff's motion for summary judgment on the issue of fiduciary duty.  ECF No. 22.

Under Washington law, insurers owe their insured a quasi-fiduciary duty to "exercise a high standard of good faith which obligates it to deal fairly and give 'equal consideration' in all matters to the insured's interests."  *Van Noy v. State Farm Mut. Auto. Ins. Co*., 142 Wash. 2d 784, 794 (2001) (citation omitted). Plaintiff does not advance any arguments or provide any evidence as to how Defendant breached its quasi-fiduciary duty; Plaintiff merely provides a general recitation of the law, and broad allegations that Defendant has failed to pay the total amount of Plaintiff's claimed loss and is delaying the appraisal process.

As the moving party, Plaintiff bears the initial burden to demonstrate there are no genuine issues of material facts regarding Defendant's fiduciary duty. Without arguments or evidence to support her claim, it is impossible for the Court determine what facts are at issue regarding Defendant's duty.  Consequently, the Court cannot grant summary judgment in Plaintiff's favor and the motion is denied.

As to Defendant's Motion to Strike, Plaintiff clarified the reference to Rule 11 sanctions was not intended to be construed as a motion for sanctions.  ECF No.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 10

26 at 4.  Additionally, because Plaintiff has not submitted any evidence or arguments as to how Defendant allegedly breached its fiduciary duty, a responsive briefing on the issue is unnecessary.  Therefore, Defendant's motion is denied as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment (ECF No. 9) is **GRANTED**.

2.  Plaintiff's Motion for Partial Summary Judgment (ECF No. 18) is **DENIED**.

3.  Defendant's Motion to Strike (ECF No. 22) is **DENIED as moot**.

4.  Plaintiff's Motion for Summary Judgment (ECF No. 28) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED September 14, 2022.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 18, 28), AND DEFENDANT'S MOTION TO STRIKE (ECF No. 22) ~ 11