FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAUREL TINSLEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Defendant. | NO. 2:22-CV-0099-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

　　　　BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 54. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 54) is **DENIED**.

　　　　Pursuant to the Jury Trial Scheduling Order: "Motions to reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court." ECF No. 53 at 7.

Plaintiff appears to seek reconsideration of the Courts order entered on September 14, 2022 at ECF No. 33.

## DISCUSSION

A motion for reconsideration of a final judgment may be reviewed under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id*. While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, a final judgment has not been entered; thus, Rule 54(b) or the common law is the applicable authority. Some courts have adopted local rules specifically addressing the legal standard that applies to reconsideration under Rule 54(b) or the common law. *See, e.g.*, *Motorola, Inc.*, 215 F.R.D. at 583-86 (D. Ariz. 2003) (collecting cases). This Court has not adopted such a rule. Instead, the Court's analysis is guided by the law of the case doctrine as applied by the Ninth Circuit. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703 (9th Cir. 1990). Under the law of the case doctrine, reconsideration may be appropriate in cases that "involve an intervening change in the law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Seiko Epson Corp. v. Glory S. Software Mfg., Inc.*, 684 F. Supp. 2d 1231, 1242 (D. Or. 2010). As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly

1  unjust.  Thus, Plaintiff has not provided any grounds upon which the Court can

2  grant her motion.

3    Also, this is not the time for Plaintiff to submit evidence supporting her

4  allegations.  That evidence can be submitted with an appropriate motion for

5  summary judgment, in response to or opposing summary judgment by opposing

6  counsel, or at the time of trial.

7  **ACCORDINGLY, IT IS HEREBY ORDERED:**

8    Plaintiff's Motion for Reconsideration (ECF No. 54) is **DENIED**.

9    The District Court Executive is directed to enter this Order and furnish

10 copies to counsel and to Plaintiff by mail.

11   **DATED** August 11, 2023.



                              THOMAS O. RICE
                           United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4