FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAUREL TINSLEY,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                Defendant. | NO. 2:22-CV-0099-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment.

ECF No. 56.  This matter was submitted for consideration without oral argument.

The Court has reviewed the record and files herein and is fully informed.  For the

reasons discussed below, Defendant's Motion for Summary Judgment (ECF No.

56) is GRANTED.

**BACKGROUND**

This matter arises from a denial of insurance coverage stemming from

damage that occurred on April 18, 2021.  Defendant issued a homeowner policy

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

1  ("the policy") to Plaintiff on November 20, 2020.  ECF No. 59 at 6.  In relevant

2  part, the policy did not cover loss or damage caused by water, whether such

3  damage be the direct cause of the loss, or that it initiated a sequence of events that

4  resulted in loss, including contributory weather conditions.  ECF No. 58-3 at 10,

5  11.  Under the terms of the policy, water damage means, "flood, surface water,

6  waves, tidal water or overflow of a body of water."  *Id* at 10.  The policy explicitly

7  states it does not cover, "spray from any of these, whether or not driven by wind."

8  *Id*.  The policy also contains an exclusion for "faulty, inadequate, or defective

9  construction, reconstruction, repair, remodeling or renovation" and "maintenance

10  of a part or all of the residence premises or any other property."  *Id*. at 11.  Finally,

11  the policy excludes "wear and tear . . . damage that occurs over a period of time or

12  from lack of normal maintenance; defective workmanship; inherent vice; latent

13  defect . . . wet or dry rot" nor does it cover "freezing, thawing, pressure or weight

14  of water or ice, whether driven by wind or not, to a fence, pavement, patio,

15  swimming pool, foundation, retaining wall, bulkhead, piece, wharf or dock."  *Id*.

16      Plaintiff contacted Defendant on or about May 3, 2021, to report that her

17  dock and retaining wall had been damaged by a windstorm occurring on or about

18  April 18, 2021.  ECF No. 59 at 2, ¶ ¶ 2, 5.  Defendant acknowledged the claim and

19  opened an investigation the same day.  ECF No. 58-1 at 1.  After reviewing

20  information provided by Plaintiff of the damaged dock and retaining wall,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1   Defendant issued a denial letter to Plaintiff on June 3, 2023, stating that it

2   determined the damage was caused by waves and was thus excluded from the

3   policy. *Id*., ¶¶ 6, 7. Defendant did note that coverage would be available for the

4   loss of a swing, but the amount in payment would not exceed the deductible, and

5   therefore was unavailable to Plaintiff. ECF No. 58-2 at 2. Within the letter

6   denying coverage, Defendant requested that Plaintiff provide additional

7   information regarding her claim should she wish to dispute the findings. *Id*.

8   Plaintiff contacted Defendant, asserting that it was wind, not waves, that caused

9   damage to the dock and retaining wall. ECF No. 59 at 3, ¶ 8. Plaintiff's position

10  was that a windstorm caused the dock to crash against the rocks beneath it and

11  pointed to damaged bark on the anchor tree the dock was chained to. ECF No. 62

12  at 10. She also asserted that the dock's broken barrel ties and released floatation

13  barrels could only be the result of damage caused by high winds. *Id*.

14      In response, Defendant retained Donan Engineering ("Donan") to investigate

15  the cause and extent of the damage. ECF No. 59 at 4, ¶ 9. Defendant alleges that

16  Plaintiff was reluctant to give the engineer access to her property to make an

17  assessment, resisting for a period of July 16 until August 24, 2021. *Id*., ¶ 10.

18  Plaintiff ultimately allowed the engineer onto her property on September 14, 2021.

19  *Id*., ¶ 11.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

1   After inspecting the property, the engineer's first report found that "[t]he

2   docks were compromised by age-related deterioration and were made susceptible

3   to failure from otherwise non-damaging winds," based on an analysis of weather

4   patterns on the alleged date of damage and analysis of the physical structure.  ECF

5   No. 58-4 at 8-9.  Additionally, Defendant requested a second report from Donan

6   providing clarification on the cause of the damage to the docks.  ECF No. 58 at 5.

7   The second report, issued on September 30, 2021, determined that given the speed

8   of the wind and the high-water levels on the alleged day of the incident, waves,

9   rather than wind, caused damage to the dock and seawall.  ECF No. 58-5 at 2-3.

10  Specifically, the report noted that "the waves would not have needed to be

11  excessively large to push the dock ashore."  *Id*. at 3.

12   After reviewing the reports from the Donan Engineering and the provisions

13  of Plaintiff's policy, Defendant determined that denial of benefits was appropriate

14  and gave written and telephonic notice to Plaintiff on September 30, 2021.  ECF

15  No. 58 at 5.

16   Plaintiff first filed suit on April 14, 2022, in Lincoln County Superior Court,

17  and Defendant removed the action to this Court on May 5, 2022.  ECF No. 1.  In

18  her Second Amended Complaint, Plaintiff alleged breach of contract, breach of

19  fiduciary duty, breach of the duty of good faith, violation of the Insurance Fair

20  Conduct Act ("IFCA"), and a claim for declaratory relief based on her April 18,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

1    2021, storm-related damages claim.[1]  ECF No. 27 at 6-14.

2       Defendant filed the present motion for summary judgment on September 19,

3    2023, arguing that Plaintiff's policy does not cover the loss alleged, and that

4    Plaintiff has not set forth sufficient evidence to support her breach of fiduciary

5    duty, breach of good faith, or violation of IFCA.  ECF No. 56.

6       Plaintiff, now proceeding *pro se*, has made a series of untimely responses to

7    Defendant's Motion for Summary Judgment, each with a varying degree of

8    responsiveness to the matter at hand: the denial of coverage for the damage to

9    Plaintiff's dock on April 18, 2021. [2]  The Court has considered Plaintiff's late

10   filings.

11

12   [1] The Court previously dismissed Plaintiff's July 23, 2019, claim as outside the
     one-year time limitation set forth by the policy.  ECF No. 33.  The Court does not

13   consider any of the previously dismissed claims in the matter at hand.

14

15   [2] Local Civil Rule 7(c)(2)(A) allows pro se litigants 30 days to respond to

16   dispositive motions, such as motions for summary judgment.  Defendant filed for

17   summary judgment on September 19, 2023.  Plaintiff responded on November 7,

18   2023, and November 8, 2023, well outside of the 30-day requirement.  Failure to

19   comply with requirements may result in the Court entering an order adverse party

20   violating the rules.  LCivR 7(e).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1    November 7, 2023, Response

2        On November 7, 2023, Plaintiff filed an initial untimely response which was

3    unresponsive to the arguments made in Defendant's Motion for Summary

4    Judgment.  ECF No. 61.  Plaintiff's initial response did include confirmation that

5    she has made two IFCA Notice and Complaint claims with the Washington State

6    Insurance Commissioner, one on November 13, 2020, and one on August 18, 2023.

7    *Id*. at 2, 3.  Further, she confirms that Defendant responded to at least her latest

8    filing on August 17, 2023.  *Id*. at 2-3.  However, the response contains no

9    additional details about the substance of her complaint or Defendant's response.

10    *Id*. at 3.

11    November 8, 2023, Motion in Opposition and for Summary Judgment

12        On November 8, Plaintiff filed an additional untimely response in opposition

13    to the Motion for Summary Judgment and Motion for Summary Judgment.  ECF

14    No. 62.  This filing contains a recitation of Plaintiff's prior time-barred claims,

15    which Plaintiff appears to be relitigating despite dismissal.  *See generally id*. at 4-

16    9.  As to the matter at hand, the second response contains many of Plaintiff's prior

17    allegations, including her assertion that bark damage on the dock's anchor tree

18    demonstrates wind damage and that the water level was lower than Defendant has

19    asserted at the time of damage.  ECF No. 62 at 10.  She asserts that she has

20    provided experts and evidence to the contrary for Defendant's review, but no

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

1 | expert report or any other documentation is attached within her response, nor does

2 | it appear she has produced any in the record. *Id.* at 8, 10.  Plaintiff's response does

3 | not directly address any of the substantive issues contained in Defendant's motion

4 | regarding breach of contract, breach of the duty of good faith, or breach of a

5 | fiduciary duty.

6 | <u>November 8, 2023, Supplemental</u>

7 | In addition to her Motion in Opposition and Motion for Summary Judgment,

8 | Plaintiff also filed a supplemental to her motion.  The supplemental also rehashes

9 | claims that have previously been dismissed and are not at issue in the current

10 | motion the Court is considering herein.  ECF No. 63 at 5.  She refers to experts and

11 | additional information provided to the Defendant which support her theory of wind

12 | damage but supplies no additional information.  *Id*. at 1, 2.

13 | Plaintiff's assertions that are relevant to the matter at hand include her

14 | position that: Defendant did not complete an inspection in 30 days per their stated

15 | policy in violation of IFCA; Defendant intentionally based the denial of benefits

16 | around a smaller dock that was not the subject of the claim; and that Donan

17 | Engineering fabricated reports to allow for Defendant to deny her claims.  *Id*. at 2.

18 | Plaintiff also asserts that Defendant has not honored its contractual obligation to

19 | handle claims in a timely manner.  *Id*. at 6.

20 | //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

**DISCUSSION**

Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  "against a party who fails to make a showing sufficient to establish the existence of

2  an element essential to that party's case, and on which that party will bear the

3  burden of proof at trial." *Celotex*, 477 U.S. at 322.

4          Although *pro se* pleadings are held to less stringent standards than those

5  prepared by attorneys, *pro se* litigants in an ordinary civil case should not be

6  treated more favorably than parties with attorneys of record. *See Jacobsen v.*

7  *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Plaintiff's multiple responses to

8  Defendant's Motion to Dismiss are not timely, and the Court also notes that, even

9  taken together, do not address many points of the argument levied by Defendant.

10         A. Breach of Contract

11         Defendant contends that the damage to Plaintiff's dock was caused by waves

12 and lack of maintenance which are not covered by the policy. ECF No. 56 at 6.

13 Therefore, there can be no breach of contract because a there was no breach of

14 duty. *Id*. Plaintiff's only reference to breach of contract is that Defendant failed to

15 fulfill obligations in a timely manner, though the Court notes that Plaintiff

16 continues to allude to previously dismissed claims. ECF No. 63 at 6. However,

17 Plaintiff does not deny Defendant's allegation that she resisted the progression of

18 the claims process, thereby delaying the conclusion of her claim.

19         The interpretation of an insurance policy is a question of law. *Quadrant*

20 *Corp. v. Am. States Ins. Co*., 154 Wash. 2d 165, 171 (2005). Insurance policies are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    reviewed as contracts, and are considered under a "fair, reasonable, and sensible

2    construction as would be given to the contract by the average person purchasing

3    the insurance." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash.2d

4    654, 665-6 (2000).  When the language of the insurance policy is clear and

5    unambiguous, it must be enforced as written. *Shepard v. Foremost Ins. Co., No.*

6    C08-434 RAJ, 2009 WL 675093, at *6 (W.D. Wash. Mar. 11, 2009), aff'd, 365 F.

7    App'x 76 (9th Cir. 2010).

8         In her initial response, Plaintiff leaves uncontested Defendant's assertion

9    that the damage was caused by waves and lack of maintenance of the dock.  ECF

10   No. 61.  In her second response and supplemental, Plaintiff alleged that the dock

11   was damaged by wind rather than water and offers as evidence tree bark damage

12   and references photographic proof of lower water level.  ECF No. 62 at 10; ECF

13   No. 63 at 2.  The Court notes that such photographs were not included in this

14   response.  In her supplemental materials, Plaintiff again asserts that experts have

15   proven that the damage was caused by wind, and that Defendant took into account

16   the incorrect dock in making their determination.  ECF No. 63 at 2.

17        Viewing all the facts presented in light most favorable to Plaintiff, she has

18   offered nothing more than conclusory allegations for the Court to consider.

19   Defendant asserts that, after its own initial investigation, and inspection by Donan,

20   which resulted in two reports, the damage to the dock was ultimately caused by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1    water combined with structural defects, and therefore not covered by the policy.

2    ECF No. 56 at 6.  The policy pertaining to water and structural integrity is clear,

3    and the Court will not find ambiguity where there is none.  Without any additional

4    evidence offered by Plaintiff, the Court finds that the Defendant did not breach a

5    duty of the contract with Plaintiff because her insurance policy did not cover the

6    damage to her dock.

7         B.  Breach of Fiduciary Duty/Breach of Good Faith

8         Defendant claims that its denial of coverage for Plaintiff's dock was

9    reasonable, and therefore no violation of a fiduciary duty or duty of good faith

10   exists.  The Court agrees.  Under Washington law, insurers owe their insured a

11   quasi-fiduciary duty to "exercise a high standard of good faith which obligates it to

12   deal fairly and give 'equal consideration' in all matters to the insured's interests."

13   *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wash. 2d 784, 794 (2001).

14        Claims of insurer bad faith "are analyzed applying the same principles as

15   any other tort: duty, breach of that duty, and damages proximately caused by any

16   breach of duty."  *Smith v. Safeco Ins. Co.,* 150 Wash.2d 478, 485 (2003).  To

17   establish bad faith, Plaintiffs bear the burden of showing that "breach was

18   unreasonable, frivolous, or unfounded."  *Kirk v. Mt. Airy Ins. Co.*, 134 Wash. 2d

19   558, 560 (1998).  Bad faith will not be found where a denial of coverage or a

20   failure to provide a defense is based upon a reasonable interpretation of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1  insurance policy.  *Transcontinental Ins. Co. v. Washington Pub. Utils. Dists.' Util.*

2  *Sys.*, 111 Wash.2d 452, 470 (1988).  The question the Court considers is whether

3  the denial was reasonable, not whether the insurers interpretation was correct.

4  *Wright v. Safeco Ins. Co. of Am.*, 124 Wash. App. 263, 279 (2004).

5         Here, as demonstrated by Defendant's several declarations, denial of

6  benefits was based on an investigation of the property and a review of the policy.

7  Plaintiff accuses defendant of fraudulent behavior in creation of the report and the

8  ultimate denial of her claim but offers nothing by way of proof.  ECF No. 63 at 2.

9  Defendant invited Plaintiff to provide evidence upon the initial denial of her claim

10  and stayed in contact with her throughout the investigative process, requesting two

11  separate reports be produced.  Additionally, Defendant did include information and

12  photographs provided by Plaintiff, as evidenced by their inclusion in a report

13  produced by Donan.  ECF No. 58-4 at 4, 19.  Despite Plaintiff's allegations,

14  Defendant does make a distinction between the larger and smaller dock and details

15  the respective states each dock was found in at the time of the engineer's

16  inspection.  ECF No. 58-4 at 4, 5, 13, 17.

17         Further, Plaintiff insinuates in the supplemental to her motion in opposition

18  that Defendant has breached its duty of good faith in the handling of her claim by

19  failing to provide inspection within 30 days.  ECF No. 63 at 2.  In addition, she

20  seems to argue that Donan was unfit to complete the inspection due to inherent

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

1  bias.  *Id*.

2      Under relevant Washington law, an insurer must complete an inspection

3  within thirty days after notice of a claim, unless the investigation cannot

4  reasonably be completed within that time.  WAC 484-30-370.  "All persons

5  involved in the investigation of a claim must provide reasonable assistance to the

6  insurer in order to facilitate compliance with this provision."  *Id*.

7      Defendant asserts that it completed an investigation of the claim within a

8  month, sending an initial denial of coverage letter on June 3, 2021.  ECF No. 59 at

9  3.  When Plaintiff disputed the findings, Defendant retained Donan to conduct a

10  more in-depth investigation.  *Id*. at 4, ¶ 9.  Plaintiff stonewalled access to the

11  property for over a month, and the engineer did not actually complete the

12  inspection until nearly two months later.  ECF No. 59 at 4, ¶¶ 10, 11.

13      The Court finds that Defendant did not breach its duty of good faith

14  because the initial denial of coverage letter, which was based on an investigation

15  conducted by Defendant, within the thirty-day timeframe, June 3, 2021.  Further

16  Defendant, in good faith, made repeated attempts to provide a thorough and

17  detailed analysis of the damage to Plaintiff's property, despite Plaintiff's

18  opposition which she does not contest.  While Plaintiff asserts that Donan was

19  biased and corrupt, she provides no evidence to support her position.

20      Plaintiff has not provided any evidence to dispute the investigation done by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1    Defendant was conducted in good faith, and therefore the Court finds Defendant's

2    denial of coverage reasonable.

3          C.  Violation of the Insurance Fair Conduct Act

4          Finally, the Court finds that the Defendant did not violate the IFCA for

5    many of the same reasons articulated above.  As a preliminary matter, the process

6    of filing an IFCA claim with the Washington State Insurance Commissioner is a

7    mechanism which provides notice to potential defendants but does not award

8    damages or make findings independent of a decision by a court.  *Beasley v. GEICO*

9    *Gen. Ins. Co.*, 23 Wash. App. 2d 641, 655 (2022), *rev. denied*, 200 Wash. 2d 1028

10   (2023).  Instead, IFCA creates a private right of action in favor of an insured whose

11   insurance company unreasonably denies its claim.  RCW 48.30.015.  The statute

12   provides, in relevant part, that:

13          Any first party claimant to a policy of insurance who is unreasonably
            denied a claim for benefits by an insurer may bring an action ... to
14          recover the actual damages sustained, together with the costs of the
            action, including reasonable attorneys' fees and litigation costs[.]
15

16   RCW 48.30.015.

17          The statute also specifies that a first-party claimant may sue his or her

18   insurance company for violating any of the claims-handling regulations

19   promulgated by the Washington State Office of the Insurance Commissioner at

20   WAC 284–30–330 et seq.  RCW 48.30.015(5).  To make a claim under the IFCA,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

a plaintiff must show more than just a regulatory violation, it must be demonstrated that the denial of insurance coverage or benefits was unreasonable. *See Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wash.2d 669, 680, 683 (2017) (citing Wash. Rev. Code 48.30.015(1)).

Defendant offered a reasonable reading of its policy supported by two investigative reports. Plaintiff was given several opportunities to supply evidence to the contrary that it was wind, rather than water, that caused damage to her dock. Other than her IFCA Notice and Consumer Complaints filed on August 17, 2023, and November 13, 2020, Plaintiff offers no evidence to support her IFCA claim, and thus does not carry her burden.

**CONCLUSION**

Viewing all facts in the light most favorable to Plaintiff, summary judgment is proper because she has failed to meet her burden of rebutting Defendant's assertion that no material facts remain in the case. In reaching summary judgment for Defendant, Plaintiff's Motion for Summary Judgment is rendered moot.

//

//

//

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    **ACCORDINGLY, IT IS HEREBY ORDERED:**

2        1.  Defendant's Motion for Summary (ECF No. 56) is **GRANTED**.

3        2.  Plaintiff's Motion in Opposition to ECF No. 56 and for Summary

4            Judgment (ECF No. 62) is **DENIED as moot.**

5        3.  The deadlines, hearings and trial date are **VACATED.**

6        The District Court Executive is directed to enter this Order and Judgment,

7    furnish copies to parties, and **CLOSE** the file.

8        DATED November 13, 2023.

9    

10                    THOMAS O. RICE
                    United States District Judge

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16